fendants as the value of it. If the plaintiffs succeed in their appeal, and this order is reversed, and a new appraisal ordered, the amount which is to be paid by them to the defendants may possibly be reduced; and the danger that, if they pay the amount of the present award, they may not be able to obtain restitution from the defendants, is the only thing to be apprehended. That danger is very easily averted by requiring that the defendants, if they desire to have the amount of the award paid to them before the final determination of the appeal by the court of appeals, shall give to the plaintiffs a bond approved by a justice of this court in the penalty of $40,000, conditioned that, if the final order shall be reversed, and a new appraisal made, upon which a less sum shall be awarded to the defendants than is awarded by the present order, they will make restitution to the plaintiffs of the difference between the amount which they receive under this order and that which they shall receive under a new order if the award shall be reduced. If the defendants desire to obtain the award upon those terms, it is proper that they should be permitted to have it.

The order should therefore be reversed, and the stay vacated upon condition that the defendants serve upon the plaintiffs within 10 days a bond in the sum of $40,000, with two sureties approved by a justice of this court, conditioned that, if the final order appealed from shall be reversed, and upon a new appraisal the award shall be reduced, the defendants will make restitution to the plaintiffs of the difference between the amount received under the present award and the amount which they shall receive under the new award if it shall be reduced. If such bond is given within 10 days, the stay shall be vacated; if not, the order will be affirmed, without costs to either party of this appeal.

---

(8 App. Div. 309)

### RIDABOCK v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

COSTS ON APPEAL—STENOGRAPHERS' FEES.
The amount paid for a copy of the stenographer's minutes obtained for the purpose of properly preparing amendments to the case on appeal is a taxable disbursement.

Appeal from special term, New York county.

Action by William S. Ridabock against the Metropolitan Elevated Railway Company and another for an injunction and damages. Plaintiff obtained a judgment, from which defendants appealed to the appellate division, where it was affirmed. 39 N. Y. Supp. 1131. On the taxation of costs the clerk refused to allow plaintiff to tax the amount paid for the stenographer's minutes used in preparing amendments to defendants' case on appeal. A motion for a retaxation of costs was denied, and plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

S. T. Cannon· and Wilfrid N. O'Neil, for appellant.
Davies & Rapallo, for respondents.

PER CURIAM. The rule in this department is that the amount paid for a copy of the stenographer's minutes, obtained for the purpose of properly preparing amendments to the case on appeal, is a taxable disbursement. Sebley v. Nichols, 32 How. Prac. 182; Cutter v. Morris, 7 N. Y. St. Rep. ⁄ ᵗᵍ; Stevens v. Railroad Co. (Super. N. Y.) 9 N. Y. Supp. 707. The cases contra deal mainly with minutes obtained for use upon the trial. It is said, however, in Pfaudler Co. v. Sargent, 43 Hun, 154, that the stenographer's fees are not taxable, even when procured for the purpose of enabling a party to prepare amendments to a case. This was not necessary to the decision of that case, and it seems to overlook rule 32 of the general rules of practice, which provides that, "if the party proposing the amendments claims that the case should be made to conform to the minutes of the stenographer, he must refer at the end of each amendment to the proper page of such minutes." The respondent is thus practically compelled to procure the· stenographer's minutes if he desires a fair and truthful record. He can only obtain this by complying with the rule. Thus the rule, in substance, makes the disbursement "necessary, according to the course and practice of the court," as provided in section 3256 of the Code of Civil Procedure. The appellant here presented an affidavit to the clerk to the effect that "the copy of the stenographer's minutes was actually and necessarily obtained and used for the purpose of preparing the amendments of plaintiff to the defendants' proposed case on appeal." Under the circumstances, we think the item should have been allowed.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion for a retaxation granted, with $10 costs, and the item allowed.