(33 Misc. Rep. 354.)

## GALLAGHER v. BAIRD.

(Supreme Court, Special Term, New York County. December, 1900.)

COSTS ON APPEAL—STENOGRAPHER'S FEES.

> Where appellee, in order to get either the original or a copy of the stenographer's minutes of the testimony taken by direction of the referee, necessary to the preparation of his amendments of the case on appeal, was compelled to promise to pay the stenographer the whole amount of his bill, he is entitled (being successful) to tax the whole thereof against appellant.

Action by Patrick Gallagher against Matthew Baird. Judgment for plaintiff was affirmed on appeal. 66 N. Y. Supp. 759. On motion by defendant for a retaxation of costs on appeal. Denied.

George C. Comstock, for plaintiff.

Fettretch, Silkman & Seybel, for defendant.

ANDREWS, J. Motion to direct a retaxation of costs. The material facts involved in this matter are as follows: The action was sent to a referee to hear and determine the same. The defendant's counsel declined to make a stipulation under which the testimony should be taken by a stenographer, whereupon the referee himself employed a stenographer, who took 1,448 pages of typewritten minutes. During the trial, from time to time, the stenographer furnished copies of his minutes to the plaintiff's attorney, and the defendant's attorney borrowed and used the copy of the referee. In making up the briefs, defendant's attorney borrowed from the referee and used the original minutes, and the plaintiff's attorney used the copy which had been furnished to him. Judgment was ordered by the referee in plaintiff's favor, and both copies of the minutes were returned to him. After the findings were settled. he sent all the papers, including the two copies of the stenographer's minutes, to plaintiff's attorney. The stenographer, having made out a bill for $1,099, then saw the plaintiff's attorney and insisted that he should pay the whole bill, and, being asked to try to obtain payment of one-half of it from defendant's attorney, declined to do so on the ground that the bill could not be divided. Plaintiff's attorney then obligated himself or the plaintiff to pay the whole bill, and presented a bill of costs to the clerk, with the whole bill included in it. Defendant's attorney objected to the taxation of the whole bill, but consented to the taxation of one-half of it, and it was thereupon so taxed. Defendant's attorney then applied to plaintiff's attorney for a loan of one copy of the minutes for the purpose of preparing a case, and plaintiff's attorney declined to comply with the request, whereupon, by agreement between the two attorneys, the plaintiff's attorney delivered to the defendant's attorney one copy of the minutes, being paid by the latter one-half the stenographer's bill. The letter from the plaintiff's attorney to defendant's attorney sending such copy of the minutes contained the statement that the copy was sent without prejudice to any right the plaintiff might have to tax the other half of the cost of the minutes. in case he should succeed upon the appeal. Defendant's attorney now moves for a retaxation of the costs, and asks that one-half the stenog-

rapher's bill, which was allowed, be stricken out. Upon this state
of facts, which I believe to be strictly accurate, I think the case of
Ridabock v. Railway Co., 8 App. Div. 309, 40 N. Y. Supp. 938, is con-
trolling. Plaintiff's counsel, in order to get either the original or a
copy of the stenographer's minutes for use on the appeal, was obliged
to promise and did promise to pay to the stenographer the whole
amount of his bill, $1,099, upon the claim made by the stenographer
that the bill could not be divided. When the copy of the minutes
was delivered by plaintiff's attorney to defendant's attorney upon the
latter's payment of one half the stenographer's bill, it was accom-
panied by a statement that such delivery was made without prejudice
to the right of the plaintiff to tax the other half. Although the
plaintiff's attorney had received from time to time, as the trial went
on, a copy of the minutes for use during the trial, after such copy had
been sent to the referee, and by the referee returned, with the origi-
nal minutes, to the plaintiff's attorney, the latter was obliged to
agree to pay the whole of the stenographer's bill; and it appears that
the minutes, which the plaintiff's attorney retained after making such
promise and after delivering one copy to the defendant's attorney,
were absolutely necessary to enable him to prepare amendments to
the case, and that they were actually used in preparing such amend-
ments, as the work could not be done without them. It thus appears
that neither the original nor the copy could be retained by the plain-
tiff's attorney without promising to pay the whole bill, and, as the
original minutes were necessary for the preparation of such amend-
ments and were actually used in such preparation, plaintiff, under the
Ridabock decision, was entitled to tax the other half of the stenog-
rapher's bill. This seems to be just upon the merits, for the plain-
tiff has been successful, and I see no reason why he should not be
allowed to tax the other half of the stenographer's bill, which he has
bound himself to pay. Motion for retaxation denied, with $10 costs
to abide the event of the action.

Motion denied, with $10 costs to abide event.