Nineteenth and Eighteenth streets, he got one bell in the middle of the block; that in response to that signal it would be his duty to stop on the south side of the crossing, and he then threw off his power, and "let the car drift"; that from the middle of the block down to Eighteenth street the car was running without power; that afterwards he got three bells, and then stopped the car within 30 feet; that these three bells indicated that he was to come to an instant stop, and that he did make a sudden stop; and that prior to getting the three bells there was no jerk of the car. This evidence clearly explains the nature of the accident, and is entirely consistent with that of the plaintiff's witnesses, with the single exception of Nixon, that the sudden stoppage of the car was after, instead of before, the plaintiff's intestate fell; and considering the position of Nixon, the improbability of his ability to clearly see the events that led up to the accident, the absence of any notice of the motorman to stop the car prior to the accident, and the testimony of the other witnesses, it seems to me perfectly clear that Nixon was mistaken in his testimony, and that the verdict was against the weight of evidence.

It follows that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and HATCH, J., concur.

RUMSEY and McLAUGHLIN, JJ. We think there was a plain question for the jury, which was properly decided by them. We therefore dissent.

---

(57 App. Div. 569; 33 Misc. Rep. 320.)

PARK v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Onondaga County. December, 1900.)

APPEAL—COSTS—STENOGRAPHER'S MINUTES.
  Under Code Civ. Proc. § 3256, authorizing the party to whom costs are awarded to include such reasonable and necessary expenses as are taxable according to the practice of the court, an appellee proposing amendments to appellant's case, to make it conform to the stenographer's minutes, who is required by Sup. Ct. Rule 32 to refer at the end of each amendment to the proper page of the stenographer's minutes, and who is denied the use of appellant's copy of such minutes, is entitled, on costs being awarded in his favor, to include disbursements for a copy of the stenographer's minutes procured for the purpose of making such amendments.

Action by Thomas E. Park against the New York Central & Hudson River Railroad Company. Motion by plaintiff to review the action of the clerk in striking out an item of costs paid for a copy of the stenographer's minutes. Motion granted.

Jenney & Jenney, for the motion.
Hiscock, Doheny, Williams & Cowie, opposed.

ANDREWS, J. The clerk of Onondaga county, upon the taxation of costs in the above action, struck out an item of $110 paid

by the plaintiff for a copy of the stenographer's minutes.   The plaintiff had obtained these minutes for the purpose of preparing amendments to the case and exceptions served by the defendant upon an appeal from a judgment of the trial term of the supreme court to the appellate division thereof, and he swears that they were necessary and requisite for that purpose, for the reason that the defendant had refused to allow him to examine the copy obtained by it, for the purpose of preparing such case and exceptions.   The plaintiff further claims that he is entitled to such sum under section 3256 of the Code of Civil Procedure, which provides that a party to whom costs are awarded in an action is entitled to include in his bill such reasonable and necessary expenses as are taxable according to the course and practice of the court.   He further refers to rule 32 of the general rules of practice of this court, which provides that, "If the party proposing the amendments claims that the case should be made to conform to the minutes of the stenographer, he must refer at the end of each amendment to the proper page of such minutes."   It is quite evident, in view of this rule, that the disbursement in question was a necessary and proper one; but whether it is such a disbursement as is taxable according to the course and practice of the court is by no means clear.   In the old Fifth department it was expressly held that such a disbursement, even when incurred for the purpose of enabling a party to propose amendments to a case, could not be taxed.   Apparatus Co. v. Sargent, 43 Hun, 154; Shaver v. Eldred, 86 Hun, 51, 33 N. Y. Supp. 158.   These cases rest upon the argument that section 3256 of the Code of Civil Procedure, prior to 1892, did not distinctly specify stenographer's fees for minutes of testimony as a disbursement which could be taxed; that the legislature, by chapter 185 of the laws of that year, did include as such a disbursement "stenographer's fees for minutes of testimony before a court, judge, or referee," but within a few months again repealed such later act, thus showing its intention to exclude such an item.   And they rest upon the further argument that a party upon the trial has a right to take minutes, or to procure others to take them for him; that the services of such person could not be taxed as a disbursement, and that a stenographer is such a person.   On the other hand, the appellate division in the First department has held that a copy of the stenographer's minutes used to prepare amendments on appeal is taxable in that department. Ridabock v. Railway Co., 8 App. Div. 309, 40 N. Y. Supp. 938, in which case stress is laid upon the requirements of rule 32.   And the same rule was enforced in the old general term in that department (Sebley v. Nichols, 32 How. Prac. 182), and in the New York superior court (Stevens v. Railroad Co. [Super. N. Y.] 9 N. Y. Supp. 707).   This rule was also approved in this district by Judge Kennedy in 1886.   Varnum v. Wheeler, 9 Civ. Proc. R. 421.   These seem to be the only cases bearing directly on the subject, although it is true that in Society v. Hughes, 125 N. Y. 106, 26 N. E. 1, in discussing the course and practice of the supreme court in regard to another kind of disbursement, a passing reference was made to Apparatus Co. v. Sargent, cited above; and in Whitney v. Roe, 75

Hun, 508, 27 N. Y. Supp. 511, a similar reference is made to the same case, but in neither opinion was it considered and approved.

The argument as to the effect of the enactment and repeal of the act of 1892 is not by any means conclusive. It had been repeatedly held that stenographer's fees before a referee were not a taxable disbursement, and that such fees were not taxable when the minutes were obtained, in ordinary cases, for use upon the trial. It may well be that the legislature concluded, upon reflection, that it was not wise to change this rule, and that neither in the original act nor in its repeal had it any reference to such a case as the one at bar. So, too, the argument in regard to the right of any one to take the minutes of a trial, and the impropriety of charging as a disbursement for such services, seems to be met by a reference to rule 32. In view, therefore, of the decision of Judge Kennedy, cited above, and of the New York cases, I must hold that a disbursement made for stenographer's minutes, when necessary to prepare amendments upon an appeal, and when the use of the appellant's copy of such minutes cannot be obtained by the respondent, is taxable according to the course and practice of this court. Motion granted, with $10 costs.