Patrick Gallagher, Respondent, *v.* Matthew Baird, Appellant.

*Stenographer's minutes — taxation of the expense thereof, as against a defendant who refused to stipulate that a stenographer should be employed on a reference — effect of such defendant's using the minutes in preparing a case on appeal.*

The defendant in an action tried before a referee having refused to stipulate that a stenographer should take the minutes, the referee employed one. Copies of the stenographer's minutes were used by both parties during the reference and returned to the referee, who, having ordered judgment in the plaintiff's favor, gave the copies to him. Subsequently the plaintiff agreed to become liable for the stenographer's fees and endeavored to have them taxed as a disbursement. The defendant objected to the allowance of the full amount of the bill, but consented to the taxation of one-half thereof. Thereafter the defendant's counsel requested the plaintiff to loan him a copy of the minutes to make up a proposed case on appeal, which the plaintiff agreed to do if the defendant would pay the one-half of the stenographer's fees as taxed. The defendant, having paid such sum, the plaintiff sent the minutes to him with a letter stating, "this is

withoub prejudice to any right *we may* have to tax the other one-half of the costs of these minutes should we succeed upon the appeal."

*Held,* that the plaintiff, upon the affirmance of the judgment, was not entitled to tax the remaining one-half of the amount of the stenographer's fees, as it could not be said that the minutes were obtained for the purpose of preparing amendments to the case upon appeal.

APPEAL by the defendant, Matthew Baird, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of December, 1900, denying the defendant's motion for a review of the taxation of the bill of costs in the action and the disallowance for $349.50 paid for stenographer's minutes.

*Joseph Fettretch,* for the appellant.

*Leslie Richard Palmer,* for the respondent.

O'BRIEN, J. :

The issues herein were sent to a referee, who, upon the refusal of the defendant to stipulate that a stenographer should take the minutes, himself employed one, and the bill for such work amounted to $1,099. Copies of the minutes were used by both parties during the reference and returned to the referee, who, having ordered judgment in plaintiff's favor, gave the copies to him. Upon request of the stenographer for payment of the entire bill, and to relieve the referee who had become responsible for the stenographer's fees, the counsel for the plaintiff agreed to become liable for them and thereafter endeavored to have them taxed as a disbursement. Under the objection of the counsel for the defendant, the full amount was not allowed, but only one-half of the bill, which, by consent, was taxed. Thereafter, however, the defendant's counsel requested the plaintiff to loan him a copy of the minutes to make up the proposed case on appeal. This the plaintiff at first refused to do, and finally it was agreed that the defendant should receive a copy upon paying the amount of the stenographer's fees as taxed, and thereupon the defendant paid the one-half and had that sum taken from the judgment.

The situation then was, that each party had a copy of the minutes which he could use, one for preparing the case and the other for adding and formulating the proposed amendments on appeal.

The judgment subsequently was affirmed (54 App. Div. 398), and thereafter the plaintiff moved and succeeded in having the other half of the stenographer's fees included in the costs as taxed after such affirmance. In support of the right to tax this disbursement, reliance was placed upon the case of *Ridabock* v. *Metropolitan Elevated R. Co.* (8 App. Div. 309), wherein it was held that "The rule in this department is, that the amount paid for a copy of the stenographer's minutes, obtained for the purpose of properly preparing amendments to the case on appeal, is a taxable disbursement;" and it was therein further said: "The cases *contra* deal mainly with minutes obtained for use upon the trial."

That case is distinguishable from the fact that it here appears that the minutes were not obtained for the purpose of preparing amendments, but both copies had been obtained for use upon the trial. The liability for the minutes and the subsequent expenditures were in connection with the trial, and thereafter, upon the entry of judgment, the plaintiff sought to tax the whole bill and have it included in the judgment roll, to which, as we have said, objection was successfully made by the defendant. We are not now concerned with the question whether such objection made to the taxation was good or not, the fact appearing that it was by the consent, which was subsequently given by the defendant's attorney, that one-half was taxed and that amount thereafter paid by the defendant.

The resulting situation was that each side had paid half the expense, and each had a copy of the minutes; and these were used, one by the defendant in making the case and the other by the plaintiff in formulating proposed amendments. It, therefore, seems to us illogical to conclude that minutes, procured for use on the trial, were obtained and the expense necessarily incurred by plaintiff in preparing amendments on appeal. This, we think, would have been the conclusion of the learned judge at Special Term were it not for the error into which he inadvertently fell in giving undue force to a statement contained in the letter which was sent by the plaintiff's attorney with the copy of the minutes when delivered to the defendant. The judge considered this to be in effect a stipulation or understanding that the payment made by the defendant's counsel was "without prejudice to the right of the plaintiff to tax the other half" should the plaintiff succeed on appeal. The letter, however,

reads : "Of course this is without prejudice to any right *we may* have to tax the other one-half of the costs of these minutes should we succeed upon the appeal."

We do not think that when the defendant accepted the copy of the minutes and paid therefor, even though accompanied by a letter couched in the language quoted, he thereby obligated himself to pay the other half in the event that the judgment was affirmed on appeal. There was clearly no stipulation on the subject, each party standing on his strict legal rights ; and as it was made to appear, after the affirmance of the judgment, that the minutes used were not obtained, nor the expense necessarily incurred, in proposing amendments to the case on appeal, the plaintiff was not entitled to tax this item. It having been allowed, the defendant was entitled to have it retaxed.

The order accordingly should be reversed, with ten dollars costs and disbursements, and the motion for the retaxation granted, with ten dollars costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.