(113 App. Div. 401)

STARKWEATHER v. SUNDSTROM et al.

(Supreme Court, Appellate Division, Third Department. May 18, 1906.)

COSTS—STENOGRAPHER'S MINUTES.

    A respondent is entitled to costs for procuring stenographer's minutes to enable him to propose amendments to appellant's proposed case. though he had not requested the loan of the minutes from appellant and been refused.

    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 974.]

Appeal from Special Term, Broome County.

Action by Horace P. Starkweather against Charles Sundstrom and another. From an order denying defendants' motion to retax costs, defendants appeal. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Thomas Watts and Abram F. Servin, for appellants.
Wales & Riley, for respondent.

SMITH, J. The costs were taxed upon a judgment of the Appellate Division affirming a judgment of the court below. Among the items of costs was $78 for procuring stenographer's minutes to enable the plaintiff to propose amendments to the defendant's proposed case. This item was objected to before the taxing officer, "on the ground that said item is illegal and improper and cannot be properly retaxed or taxed as a disbursement, because the defendants were never requested to lend their copies to the plaintiff nor to prepare amendments." By reason of the requirement of rule 32 of the Supreme Court Rules, a respondent preparing amendments to a proposed case must refer to the stenographer's minutes. That the cost of procuring such minutes is a necessary disbursement, which may be charged by the respondent, has been settled at least in two departments in Ridabock v. Metropolitan Elevated R. Co., 8 App. Div. 309, 40 N. Y. Supp. 938, and in Park v. N. Y. C. R. R., 57 App. Div. 569, 68 N. Y. Supp. 460, 1145. In the Park's Case the respondent had sought to procure the stenographer's minutes from the appellant for the purpose of preparing his amendments to the proposed case, but the appellant had refused to loan them to the respondent. That fact was mentioned as one of the facts which gave point to the necessity of the disbursement. It was not held in that case, however, that the failure of the respondent to request the loan of the stenographer's minutes from the appellant would render the disbursement for such minutes an unnecessary disbursement, nor has any case gone to this extent. That such minutes are necessary to enable the defendant to prepare amendments to the appellant's proposed case, the appellant knew as well as the respondent. In fact, just what those amendments should be could only be ascertained by reference to the stenographer's minutes. If the appellant would have saved himself from liability for such a disbursement, he could have tendered them to the respondent for the purpose of preparing his amendments just as easily as the respondent could have asked him for it. It is the appellant who is relieved from liability if the minutes are loaned to respondent to prepare the amendments to the proposed case. To hold that the disbursement is not a necessary one until the respondent has requested the loan of the minutes from the appellant, and been refused, would be to require the respondent to take more care to protect the appellant than would the appellant to protect himself. The order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.