PRINGLE v. DEAN et al.

(Supreme Court, Special Term, Oswego County.)

1. Costs (§ 254*)—Disbursements—Stenographer's Notes.

Appeal was brought April 22, 1909. October 2, 1909, a copy of the stenographer's minutes was obtained by respondents. The proposed case and exceptions was served December 28, 1909. Appellant claimed it was the understanding in the latter part of October, 1909, that his copy should be used by the defendants. *Held*, that respondents had exercised good faith in ordering their copy on October 2d, as they could foresee that amendments would probably be required, necessitating the transcript; hence the costs therefor were properly taxed under rule 32.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 962–977; Dec. Dig. § 254.*]

2. Costs (§ 256*)—On Appeal—Transcript.

If the appellant tendered his copy of the transcript to defendants prior to respondents obtaining a copy, the cost of another copy obtained by respondents would have been an unnecessary expense, which respondents would not have been entitled to tax.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. STIPULATIONS (§ 6\*)—AGREEMENTS OF ATTORNEYS—WRITING—NECESSITY.**

An understanding that respondents will use appellant's copy of the transcript for the purpose of preparing amendments to the case on appeal is without effect, unless in writing, under the express provisions of rule 11 of the general rules of practice.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 6.\*]

Action by one Pringle against one Dean and others. From the judgment, plaintiff appealed. On motion, after remittitur, to strike an item of disbursements taxed in favor of defendants. Motion denied.

Charles N. Bulger, for appellant.
Merrick Stowell, for respondent Dean.

MERRELL, J. [1] This is a motion to strike from the bill of costs and disbursements taxed by Oswego county clerk in favor of the defendant and respondent above named an item of disbursement of $32 paid for copy of stenographer's minutes, which respondents claim was necessarily obtained in order to prepare amendments to proposed case on appeal. Plaintiff appellant contends that such item was unnecessary, and therefore not taxable, for the reason that there was an understanding between the attorneys for the respective parties that the appellant's copy should be used by the respondents in preparing such amendments. Respondents flatly deny that any such understanding ever existed.

The appeal herein was brought April 22, 1909. October 2, 1909, the copy of the minutes in question was obtained by the respondents. The case and exceptions, which, under the somewhat novel and loose practice in vogue in the county of Oswego, consisted of reducing the stenographer's transcript to narrative form by means of erasures and interlineations, and, when thus altered, serving said transcript as the proposed case and exceptions on appeal, was served December 28, 1909. The most that is claimed by the moving party is that the understanding that the appellant's copy of the minutes should be used by the respondents was two months prior to the serving of the case and exceptions, or the last of October, 1909. Several weeks prior thereto respondents had obtained the copy for which they now seek reimbursement.

Without attempting to reconcile disagreements of attorneys as to whether any such understanding was had, except that it seems strange that respondents' attorney should have entered into such an agreement understandingly when he had several weeks previously obtained and paid for a copy of the minutes, and to remark an entire absence of any apparent profit to respondents by such a course, I think the respondents acted in good faith in obtaining their copy on October 2, 1909, presumably ordered some time prior thereto, and that the item of disbursement representing the same should be taxed.

When the appeal was brought, the respondents had the right to foresee that amendments would in the usual course of practice be required, and the transcript was necessary and proper in order to prepare such amendments, and was properly taxed. Rule 32; Ridabock v. Metro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

politan Elevated R. R. Co., 8 App. Div. 309, 40 N. Y. Supp. 938; Park v. N. Y. C. & H. R. R. Co., 57 App. Div. 569, 68 N. Y. Supp. 460, 1145; Starkweather v. Sundstrom, 113 App. Div. 401, 98 N. Y. Supp. 1086.

[2] Had the appellant tendered his copy to respondents prior to respondents' obtaining a copy of the stenographer's minutes, she might have relieved herself from liability, because, had the respondents afterwards proceeded to obtain an independent copy, they would have incurred an unnecessary expense, and appellant could then have successfully objected to the taxation thereof. Starkweather v. Sundstrom, supra.

[3] The respondents meet appellant's contention with another objection, which, while technical, is not without force, viz., that the alleged understanding was without effect, not being in writing. See general rule of practice 11.

I therefore must deny motion, with $10 costs.