### WIENER v. RUDINSKY et al.

(Supreme Court, Appellate Term, Second Department. April 3, 1913.)

Costs (§ 256*)—Appeal from Municipal Court—Stenographer's Minutes.
Municipal Court Act (Laws 1902, c. 580) § 344, makes the right to tax disbursements for a copy of documents or papers dependent upon the necessity therefor; section 317 requires the clerk of the Municipal Court to make a return on appeal of all the proceedings including the evidence; Municipal Court rule 16 requires the return to contain the stenographer's minutes transcribed by him; section 318 provides for the settling of a case on appeal; and section 353 provides that, when a transcript of the stenographer's minutes becomes a necessary part of the record on appeal, the appellant must pay therefor, to be taxed by him as a disbursement if he prevails on appeal. Held that, as an inspection of the minutes might be made at the clerk's office by appellee whenever necessary, any expenditure therefor by him for copy thereof was not a necessary disbursement taxable against appellant.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by David Wiener against Joseph Rudinsky and another. From so much of the judgment of the Municipal Court as imposed $75 costs on defendants for a disbursement for a copy of the stenographer's minutes, they appeal. Modified.

Argued March term, 1913, before GARRETSON, BLACKMAR, and KAPPER, JJ.

M. Carl Levine, of New York City, for appellants.
John Bogart, of New York City, for respondent.

KAPPER, J. The defendants seek to review the taxation of a disbursement of $75, made by the plaintiff for a copy of the stenographer's minutes said to have been used for the purpose of making amendments to a *proposed case* on appeal from a judgment wherein the plaintiff was respondent and defendants appellants, and which appeal resulted in an affirmance, with costs. That the plaintiff ordered and paid $75 for a copy of the stenographer's minutes of the trial is not disputed. The right, however, to tax this disbursement depends upon the necessity for its incurrence. Munic. Ct. Act (Laws 1902, c. 580) § 344.

It is sought to justify the taxation by analogy to the cases in courts of record, where the ordering of a copy of the stenographer's minutes was held proper and necessary for the purpose of preparing amendments to a proposed case on appeal. Ridabock v. Met. El. R. Co., 8 App. Div. 309, 40 N. Y. Supp. 938; Pratt v. Clark, 124 App. Div. 248,

108 N. Y. Supp. 734. But the practice on appeals from judgments of courts of record is different from that obtaining in cases of appeals taken from the judgments of the Municipal Courts. In the former, by rule 34, General Rules of Practice:

"A case or exceptions shall not contain the evidence in hæc verba, or by question and answer, unless ordered by the judge or referee 'by or before whom the same shall be settled."

The practice further calls for the proposal of a case by the appellant, to which the respondent may propose amendments, which must first be allowed or disallowed by the appellant, who is required to mark upon his proposed case and upon the stenographer's minutes the parts to which the proposed amendments are applicable, and the respondent is required to refer, at the end of each amendment proposed by him, to the proper page of such minutes. Such is not the practice on appeals from Municipal Courts. There a case on appeal is not made up as in the courts of record, but the clerk of the court below is required to make a return, which must contain all the proceedings "including the evidence" (Munic. Ct. Act, § 317), and by the rule adopted by the Municipal Courts (rule 16) the return on appeal is required to contain, among other things, "the stenographer's minutes, which shall be transcribed by the stenographer."

While provision is made in the Municipal Court Act (section 318) for the settling of a case on appeal, it is not necessary for the respondent to order the stenographer's minutes for that purpose. When a transcript of the stenographer's minutes of testimony given on a trial becomes a necessary part of the record on appeal, the appellant is required to pay therefor ten cents for every hundred words, which is afterwards taxed by him as a disbursement on appeal if he prevails. Munic. Ct. Act, § 353. And by the rules of such courts heretofore referred to (rule 17) the stenographer's fees are to be deposited by the appellant with the clerk of the court below, who, when the stenographer shall·deliver his transcript to the clerk, who makes up the return as required by section 317 of the Municipal Court Act, shall thereupon deliver the money so deposited to the stenographer. It is clear, therefore, that an inspection of the stenographer's minutes may be made at the clerk's office by the respondent whenever necessary, and that any expenditure made by him for another copy cannot be held to be a necessary disbursement within section 344 of the Municipal Court Act, which provides for the taxation or allowance of disbursements necessarily incurred.

In Cohen v. Weill, 33 Misc. Rep. 764, 67 N. Y. Supp. 917, it was held error to allow plaintiff as part of his costs the expense incurred by him in obtaining a transcript of the stenographer's minutes, which was furnished to the court below, and with that conclusion we agree.

The judgment is modified, by deducting therefrom the sum of $75, included in the taxation of costs for a copy of the stenographer's minutes, with $10 costs and disbursements of the appeal to the appellant, to be set off against the plaintiff's judgment pursuant to section 324 of the Municipal Court Act.

GARRETSON and BLACKMAR, JJ., concur.