(80 Misc. Rep. 290.)

### HERTZBERG v. ELVIDGE.

(Supreme Court, Special Term, Monroe County. April, 1913.)

1. Costs (§ 191*)—Items Taxable—Fees of Referee.

Under Code Civ. Proc. § 1019, depriving a referee of any right to the fees provided for by Code Civ. Proc. § 3236, and section 3251, subd. 3, where the reference is terminated in a certain manner, a party who paid the fees of a referee after he had forfeited his right thereto by withholding his report, was not entitled to have such fees taxed as costs against his adversary.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 697; Dec. Dig. § 191.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COSTS (§ 189*)—ITEMS TAXABLE—STENOGRAPHER'S FEES.

The fees of the stenographer taking testimony before a referee can be taxed as costs only by consent, since there is no statute authorizing such taxation.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744-749; Dec. Dig. § 189.*]

3. COSTS (§ 10*)—ITEMS TAXABLE BY AGREEMENT—STENOGRAPHER'S FEES.

An agreement between the parties that the fees of a stenographer taking testimony before a referee shall be taxed as costs is binding.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 17-19; Dec. Dig. § 10.*]

4. COSTS (§ 10*)—AGREEMENT AS TO ITEMS TAXABLE—CONSTRUCTION AND EFFECT.

Under an agreement "that the stenographer's fees should be constituted a cost and disbursement of the action, and taxed as such, with the referee's fee," the stenographer's fees were taxable as costs, though the referee forfeited his right to his fees, especially where the agreement was subsequently ratified by the parties by stipulating to use the stenographer's transcript of the testimony.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 17-19; Dec. Dig. § 10.*]

Action by Charles R. Hertzberg against Frank E. Elvidge. On motion to set aside judgment. Ordered according to opinion.

See, also, 79 Misc. Rep. 109, 140 N. Y. Supp. 670.

Charles H. Rowe, of Rochester, for plaintiff.

McInerney & Bechtold, of Rochester, for defendant.

SAWYER, J. The motion to set aside the judgment herein was sent to a referee for determination and report upon the facts, under the provisions of section 1015 of the Code of Civil Procedure. A number of hearings were had before him, during which a large amount of evidence was taken. His report, however, not having been filed with the clerk, or delivered to the attorney for one of the parties, within 60 days from the time when the matter was finally submitted, plaintiff's attorney elected to end the reference and served the notice provided for in section 1019 of the Code. Subsequently the whole matter again came before the court, and upon its determination defendant entered an order vacating the judgment, with $10 costs, and $166 disbursements of the motion. 140 N. Y. Supp. 670.

Plaintiff now moves to resettle and correct such order, by eliminating therefrom the allowance of said sum for disbursements. It appears by defendant's affidavit that these disbursements are made up of two items, one for $100 fees of the referee, and one of $66 fees of the stenographer who took the minutes of the hearing. No question is made but that these sums were actually paid by defendant; plaintiff's contention being only that no authority for their recovery exists. If this be true, the motion must prevail; for it is well settled that costs are the creature of statute, and in the absence of such sanction cannot be imposed, except by consent. Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893; Seasongood v. Elevated R. R. Co., 18 N. Y. Supp. 775.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] First. Section 3236 and subdivision 3 of section 3251 of the Code provide that upon such a motion, where a reference has been had, costs may be awarded in "a sum fixed by the court or judge not exceeding ten dollars beside necessary disbursements for printing and referee's fees," and but for the termination of the reference the item for $100 referee's fees could have been properly awarded. Section 1019, however, distinctly and specifically provides that, where a reference is terminated in the manner therein pointed out, "the referee is not entitled to any fees."

By his failure to either file or deliver his report this referee brought himself squarely within that limitation, and the payment of his fees by defendant was therefore purely voluntary. These sections, construed together, contemplate that fees, to which a referee is lawfully entitled, may be paid and recovered as a taxable disbursement, but that where the referee has, by withholding his report, forfeited his right thereto, their payment does not entitle a party to charge the amount against his adversary as a disbursement.

[2] Second. No statutory warrant for taxation of stenographer's fees as a disbursement exists, and it has been held many times that because of such absence of authority moneys paid therefor cannot be taxed, except by consent. Pfaudler Barm E. B. A. Co. v. Sargent, 43 Hun, 154; Hudson v. Erie R. Co., 57 App. Div. 98, 68 N. Y. Supp. 28; Seasongood v. Elevated R. R. Co., supra.

I am not unmindful that this rule has been relaxed, so as to permit the cost of stenographer's minutes procured for the preparation of a case on appeal, or amendments thereto, to be so taxed. Pratt v. Clark, 124 App. Div. 248, 108 N. Y. Supp. 734; Gallagher v. Baird, 60 App. Div. 29, 69 N. Y. Supp. 676. But this change in practice seems to extend no further than this, and, indeed, it could not well be extended, for the reason that it is based solely upon the implied authority found in rule 32 of the General Rules of Practice, which, of course, has the effect of legislative enactment. Prindle v. Dean (Sup.) 128 N. Y. Supp. 1051.

[3] In modern practice, courts, referees, and the profession generally, have come to rely almost entirely upon stenographers, official or otherwise, for the taking and transcribing of the minutes of a trial. In the absence of other provision for the payment for transcribed minutes, and for those of unofficial stenographers, it is usual for the parties to stipulate that they shall become a taxable disbursement. Such agreements are binding upon their makers, and the practice has the approval of the courts. Seasongood v. Elevated R. R. Co., supra.

[4] In this case a stenographer was employed, and preliminary to the taking of the evidence, and in conformity with the common method of procedure, a stipulation was entered into between the parties:

"That the stenographer's fees should be constituted a cost and disbursement of the action, and taxed as such, with the referee's fees."

It will be observed that this stipulation is not, as is sometimes the case, that the stenographer's fees shall be included with and constitute a part of the referee's fees, and taxed therewith accordingly, but that they shall constitute a disbursement in the action, to be taxed at the

same time as those of the referee, which, it was then expected, would ultimately be included in the disbursements of the motion. That the parties did not consider these fees a part of the referee's fees is emphasized by the fact that after the reference was terminated, and the matter was again presented to the court, they assumed control of the stenographer's record, and by written stipulation, among other things, provided:

"*That the evidence heretofore taken herein* by the referee may be submitted to Hon. Samuel Nelson Sawyer, the justice before whom the matter is returnable at Lyons, and the original question at issue as to whether or not the service was made upon said defendant, as alleged in the affidavit of service attached to said judgment roll, may be decided by him, the same as if no reference had been ordered herein."

By this stipulation the parties adopted and ratified that originally made, so far as it relates to the stenographer's fees, and availed themselves of the evidence taken by him by submitting it to the court as the basis for its disposition of the case. Both by its phraseology and by the acts of the parties in relation to the stenographer, it is evident that their agreement intended his fees should be taxed as a disbursement entirely independent of those of the referee, and it follows that recovery of the cost thereof is not defeated by the provisions of section 1019, which deprives the referee of his fees.

In accordance with the foregoing, this order should be resettled, so as to eliminate the referee's fees of $100, and provide that it be granted, with $10 costs, and the amount disbursed for stenographer's fees to be taxed. Order may be entered accordingly, without costs.

Ordered accordingly.