## ADAMS LAUNDRY MACHINERY CO. v. PRUNIER.

(Supreme Court, Appellate Division, Third Department. May 22, 1913.)

1. COSTS (§ 256*)—DISBURSEMENTS—COPY OF STENOGRAPHER'S MINUTES—EXPENSE—RIGHT TO TAX.

Where, after trial, plaintiff gave notice of appeal, and, on serving a proposed case and exceptions, tendered the use of its copy of the stenographer's minutes to defendant to be used in preparing amendments, such tender was made in proper time, and defendant was not entitled to tax, as part of the disbursements on the appeal, the cost of a second copy of the minutes obtained by him from the stenographer.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

2. APPEAL AND ERROR (§ 566*)—PROPOSED CASE—AMENDMENTS—TIME—EXTENSION.

Where appellant, on serving a proposed case, does not tender respondent the use of his copy of the stenographer's minutes, so that respondent is compelled to procure an independent copy, the court, on respondent's application, will extend his time to file amendments, if the time allowed is not sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2511–2514; Dec. Dig. § 566.*]

Howard, J., dissenting.

Appeal from Special Term, Schenectady County.

Action by the Adams Laundry Machinery Company against Joseph H. Prunier. From an order retaxing defendant's costs, by including an additional item of disbursement of $103 for a copy of the stenographer's minutes, and amending the judgment, plaintiff appeals. Reversed, and motion denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William W. Morrill, of Troy (Daniel Naylon, Jr., of Schenectady, of counsel), for appellant.

Fryer & Lewis, of Schenectady (C. G. Fryer, of Schenectady, and Edgar T. Brackett, of Saratoga Springs, of counsel), for respondent.

SMITH, P. J. Defendant recovered a judgment against the plaintiff upon a counterclaim in an action tried in the Supreme Court. Plaintiff's motion for a new trial was denied. An appeal was taken to this court in March, 1912, from such order of denial and from the judgment entered herein.

[1] Each party ordered a copy of the stenographer's minutes; plaintiff receiving its copy April 8th. May 15, 1912, plaintiff's attorney served a proposed case and exceptions upon defendant's attorneys, and at the same time tendered the use of plaintiff's copy of the minutes to the defendant for use in preparing amendments, which tender

defendant's attorneys did not accept, for the reason that defendant already had a copy of the minutes. The judgment and order appealed from were upheld by this court, with costs. Defendant thereupon taxed his costs and entered judgment; but, not having received the stenographer's bill for the copy of the minutes, the expense thereof of $103 was inadvertently omitted by defendant. Plaintiff refusing to stipulate that the judgment might be amended by inserting therein such $103 additional costs, defendant moved for a retaxation of costs, and to amend the judgment by adding the amount of such omitted item. This motion was granted, and from the order granting the same this appeal has been taken.

Upon a former occasion plaintiff had loaned to the defendant its copy of the minutes in order to enable the defendant to prepare papers. There is nothing in the record to show that the defendant did not have reason to believe that the plaintiff's attorney would again loan to him his copy of the minutes upon this appeal. If such were done, defendant would have no necessity for an additional copy of the minutes, in order to prepare amendments to the plaintiff's proposed case. In the absence of facts showing such a necessity, we are of the opinion that the disbursement cannot be taxed. In Starkweather v. Sundstrom, 113 App. Div. 401, 98 N. Y. Supp. 1086, this court held that a copy of the stenographer's minutes was necessary for the respondent to enable him to prepare amendments to the appellant's proposed case, and where such copy was not offered by the appellant to the respondent at the time of the service of the proposed case that the respondent was authorized to procure a copy of the minutes and charge the expense thereof as a disbursement in the action. In the opinion it is stated that the respondent was not required to go to the appellant and ask him for his copy of the minutes, but that in order to avoid being charged with this expense as a disbursement the appellant was required to offer them to the respondent. In the case at bar such offer was made at the time of the service of the proposed case, and ordinarily such offer is in due season to prevent the necessity of a separate copy of the minutes for the respondent, and thereby save liability for this item of costs in case the judgment is affirmed. It is urged that the appellant should have offered its copy of the minutes when the notice of appeal was served, in order to avoid liability for the expense of an extra copy by respondent.

[2] It is urged that, in case the appellant does not offer his copy of the minutes before the service of the proposed case, respondent, with the short time only to prepare amendments, will not be able to procure the stenographer's minutes in time therefor. The answer to this suggestion is that generally the appellant may be expected to make such offer for the purpose of avoiding possible liability for this item of costs; but if the offer be not made when the proposed case is served the court will protect the respondent and give him abundant time in which to prepare amendments, so as to enable him to procure a separate copy himself. It is not natural that every party at once on taking an appeal will look forward to the possibility of the respondent ordering a copy of the stenographer's minutes, and thus early give notice to the respondent that he may use his copy in preparing

proposed amendments. The natural and reasonable time to make the offer is at the time that the proposed case is served, until which time the respondent can have no use therefor. We do not intend to hold that there may not be circumstances under which the necessity of a separate copy of the minutes for respondent will become apparent before the proposed case is served; but those circumstances must be such as clearly to indicate that the appellant will not offer his copy of the minutes to the respondent for the purpose of preparing amendments, and any strained relations between the attorneys will not ordinarily be sufficient to justify the respondent in incurring this expense, in view of the interest of the appellant to lessen his liability for disbursements in case of the affirmance of the judgment. We are inclined to hold this rule more strictly by reason of the very large expense which often is necessary in procuring a copy of the minutes, and the hardship to the appellant in case such a liability should be added to his burden, which he must suffer in the affirmance of the judgment.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, without costs. All concur, except HOWARD, J., who dissents.