Thomas A. Aurelio, J.
Motion for an order directing the plaintiff to supply the defendants with a copy of the stenographic minutes to enable them to prepare proposed amendments to plaintiff’s proposed bill of exceptions, is denied. The time of the defendants to serve proposed amendments is extended until 30 days after the date of this order, and if additional time is required, they may apply therefor to the court.
*50 None of the parties has referred the court to any rule of practice or case dealing with the specific problem here involved of a direction to an appellant to serve respondents with a copy of the stenographic minutes for the purpose of enabling them to prepare proposed amendments, nor has independent research revealed any direct authority. Rule 230 of the Rules of Civil Practice (as well as, in all substantial respects, the former rule 32 of the General Rules of Practice from which it was derived) merely provides as to stenographer’s minutes: “Whenever amendments are proposed to a case or bill of exceptions, the party proposing such case or bill of exceptions, before submitting the same to the judge or referee for settlement, shall mark on the several amendments his allowance or disallowance thereof, and also shall mark plainly thereon and on the stenographer’s minutes the parts to which the proposed amendments are applicable, together with the number of the amendment. If the party proposing the amendments claims that the case or bill of exceptions should be made to conform to the minutes of the stenographer, at the end of each amendment he must refer to the proper page of such minutes.” The cases dealing with this subject (such as Ridabock v. Metropolitan El. Ry. Co., 8 App. Div. 309; Park v. New York Cent, & Hudson Riv. R. R. Co., 57 App. Div. 569; Starkweather v. Sundstrom, 113 App. Div. 401; Adams Laundry Mach. Co. v. Prunier, 157 App. Div. 153), simply hold that unless appellant offers to furnish a copy of the minutes for use in preparing proposed amendments, respondent can tax as costs the expense incurred in obtaining his own copy of the minutes in order to prepare such amendments.
The expense to either party to obtain a copy of the minutes of the trial of this action lasting three weeks is quite substantial. Plaintiff has served a proposed bill of exceptions raising five questions of law with regard solely to the court’s charge and instructions to the jury. Befendants urge that the questions are of mixed law and fact and therefore, the testimony bearing thereon is an indispensable part of the record on appeal. In particular, it is argued that plaintiff did not establish access, an essential of any claim for common-law copyright, and hence would not be entitled to a reversal on appeal even assuming the correctness of his contention with regard to the five exceptions. There is a suggestion in plaintiff’s brief that the problem may be resolved by a stipulation or statement of facts to be inserted instead of the testimony.
If the parties cannot agree on such stipulation or statement of facts, defendants may serve their proposed amendments to *51 the proposed bill of exceptions and thereupon, in accordance with rule 230, plaintiff will be required to mark his allowance or disallowance on the proposed amendments and also mark thereon and on the stenographer’s minutes to be submitted by him to the Judge the parts to which the proposed amendments are applicable. It may be pointed out that plaintiff is entitled to proceed on a bill of exceptions if he raises questions of law only and on a record including only the court’s charge and instructions (and, of course, the pleadings, judgment, etc.) if that alone is sufficient to resolve the issues of law raised. Plaintiff thus is raising no question with regard to the facts as referred to in the court’s charge. Defendants may, however, be entitled to have included in the record on appeal by way of proposed amendments the testimony (or a stipulated statement of facts) relating to access, if they intend to raise the issue that the evidence in that regard was insufficient to warrant the case being submitted to the jury. This does not appear to be a situation covered by the second of the above-quoted sentences from rule 230 of a respondent seeking to have a cause “ conform ” to the minutes, but rather a situation encompassed within the first of the quoted sentences. The court expresses no opinion at this time on these matters. It is merely indicating its view of the possibilities which may be explored by the parties.