BREMER et al. v. MANHATTAN R. CO. et al.

(Supreme Court, Special Term, New York County.   June, 1906.)

COSTS—COPY OF STENOGRAPHER'S MINUTES.

Where plaintiff's counsel obtained a copy of the stenographer's minutes to prepare amendments to the case on appeal, plaintiff was entitled to have the cost of the copy included in his bill of costs, though the copy was ordered before any appeal was taken and was used by counsel in preparation of brief.

Action by Samuel Parker Bremer and others against the Manhattan Railroad Company.   On motion by plaintiffs for a review of the taxation of the bill of costs.   Motion granted.

Charles O. Brewster (Roy M. Robinson, of counsel), for the motion.
Charles A. Gardiner (J. Tufton Mason, of counsel), opposed.

GIEGERICH, J.   The plaintiffs have appealed from the action of the clerk in refusing to allow an item of $138.25 paid by them for a copy of the stenographer's minutes.   The minutes were obtained after the trial was over, but before the decision was rendered, and before the briefs were submitted.   The plaintiffs' counsel makes an affidavit that he procured the minutes for the purpose of preparing amendments to the case on appeal; that he does not usually order a copy of the minutes in actions against the elevated railroad, but that this was an exceptional case involving a question on which he knew that one side or the other would appeal.

The defendant concedes that in this department the rule is to allow the taxation of the amount spent to procure a copy of the stenographer's minutes for use in preparing amendments to the proposed case (Ridabock v. The Metropolitan Railway Company, 8 App. Div. 309, 40 N. Y. Supp. 938), but insists that here the minutes were procured not for that purpose, but for the purpose of preparing a brief.   I am of the opinion that the item should have been taxed.   It was impossible, of course, for the plaintiffs' counsel to know with certainty that an appeal would be taken; but he had reasons sufficient to himself for so believing, and it was for use on such an appeal that he ordered the minutes, and, except for such anticipated use, he would not have ordered them.   The fact that the minutes were used by the plaintiffs' attorney in the preparation of the brief, if such was the fact, has not increased the burden of the defendant, which is in no worse position than it would have been had the plaintiffs waited until after the decision before procuring the minutes.   The plaintiffs may have had an incidental benefit in the use of the minutes in making their brief, but this benefit is not wholly gratuitous, because they took the risk of having to pay for the minutes themselves, if the event proved that they were mistaken in their anticipation that there would be an appeal.   The case of Gallagher v. Baird, 60 App. Div. 29, 69 N. Y. Supp. 676, was quite different from this. There the minutes were used during the trial, and, so far as appears from the report, no claim was made that they were procured for the purpose of preparing amendments on appeal, or that anticipation of such use formed any part of the original inducement to order them.

Motion granted, with $10 costs.