### PRATT v. CLARK et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. COSTS—APPEAL—STENOGRAPHER'S MINUTES.

   The cost of stenographer's minutes ordered at the outset of the trial by one of the parties with a view of using them to prepare amendments to the case on appeal is properly taxed as disbursements against the unsuccessful party.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 962.]

2. SAME.

   Where one of the parties orders the stenographer's minutes to be furnished during the trial, though with a view to use them to prepare amendments to the case on appeal, he may not tax as disbursements any charges for expediting the minutes.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 962.]

Appeal from Special Term.

Action by Tracy W. Pratt against W. Irving Clark and others. From an order denying a motion for a retaxation of costs, plaintiff appeals. Order modified.

See 103 N. Y. Supp. 612.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clarence F. Birdseye, for appellant.
Albert Stickney, Jr., for respondents.

SCOTT, J. The plaintiff appeals from an order denying his motion for the retaxation of a bill of costs. The action was tried at Special

Term, resulting in a judgment for defendants, who were represented by Albert Stickney, Esq., Charles S. McBurney, Esq., and Albert Stickney, Jr., Esq., guardian ad litem for certain infant defendants. Each of these gentlemen was awarded a separate bill of costs and a separate allowance. Upon appeal to this court the judgment was affirmed; one bill of costs being allowed. It is this bill which is the subject of the present motion, which seeks to strike out the item of $339.87 inserted in the bill and allowed on taxation. This item appears in the bill of costs as "Paid stenographer's minutes on trial," and it abundantly appears that the minutes were ordered and furnished for use on the trial, and were so used.

The affidavit of Mr. Albert Stickney, Jr., states that the respondents went into the trial in the firm belief that the appellant would carry the proceeding up to the Court of Appeals if defeated, and he gives the reasons for so believing. He then says:

"It was with this situation in view, and in the belief and expectation that an appeal would be taken, and for the purpose of using such stenographer's minutes in preparing amendments to the case on appeal, that the minutes were ordered. It having been decided to obtain such minutes, the stenographer was directed to furnish them from the outset of the trial, and they were furnished by him accordingly as they were written out."

Since the decision of Ridabock v. Met. El. R. Co., 8 App. Div. 309, 40 N. Y. Supp. 938, there has been no doubt that a copy of the stenographer's minutes obtained for the purpose of preparing amendments to a proposed case on appeal is a taxable disbursement. If, therefore, the respondents had waited until after the trial, and had then ordered a copy of the minutes solely for the purpose of preparing amendments to the proposed case, their right to tax the cost of the minutes could not be questioned. It is urged, however, that because the minutes were ordered during the progress of the trial, and used upon it, their cost cannot now be taxed, notwithstanding they were also used for preparing amendments to the case on appeal. Gallagher v. Baird, 60 App. Div. 29, 69 N. Y. Supp. 676, is cited as authority for that contention. That case arose under peculiar circumstances, and involved, among other things, the construction of a stipulation between attorneys. Furthermore, it appeared that both appellant and respondent had used the same copies, and each had paid half the cost thereof, and it clearly appeared that the transcript had not been ordered by either party in the first instance, but by the referee before whom the case was tried. Later a similar question arose in Bremer v. Man. Ry. Co., 51 Misc. Rep. 96, 99 N. Y. Supp. 746, affirmed without opinion 113 App. Div. 905, 99 N. Y. Supp. 1135. In that case, as in this, the respondents' attorney made affidavit that he had reason to believe that an appeal would be taken in any event, and that he ordered the minutes for the purpose of preparing a case on appeal, or amendments to a case, as the judgment at Special Term might require. It also appeared that, having obtained a copy of the minutes, he used them in preparation of his brief at Special Term. He was permitted to tax the item; the court saying:

"The fact that the minutes were used by the plaintiff's attorney in the preparation of the brief, if such was the fact, has not increased the burden of the

defendants, who are in no worse position than they would have been had the plaintiff waited until after the decision before procuring the minutes. The plaintiffs may have had an incidental benefit in the use of the minutes in making their brief; but this benefit is not wholly gratuitous, because they took the risk of having to pay for the minutes themselves, if the event proved that they were mistaken in their anticipation that there would be an appeal."

In our opinion the reasoning in the case last cited applies to the present case, and that the respondents were entitled to tax the amount properly payable and paid for stenographer's fees ordered and used for preparing amendments to the case on appeal, even although they had also been used on the trial.

They were not, however, entitled to tax that item at the amount included in the bill of costs. There are included among the papers before us three receipted bills for transcripts of stenographic notes. One, charged to Mr. Albert Stickney, Jr., is for testimony taken on October 23d, 24th, 25th, 26th, and 27th, and November 6th, to the end of the forenoon session, 1,422 folios, at 15 cents, amounting to $213.30. The second bill is charged to Messrs. Stickney, Maclay & McBurney (the firm of which all the respondent's attorneys were members), and is for the same testimony, but at 15, 20, and 25 cents a folio, and amounts to $297.05. The third bill is charged to the same firm, and is stated to be for stenographic service in furnishing transcripts of minutes overnight during the trial, and includes three items, to wit: November 6th, two copies; afternoon session, November 8th, two copies; November 10th, one copy, summing up. This bill amounts to $169.-40. The sum charged in the bill of costs is arrived at by adding these three bills together and dividing by two. It is quite evident that no inconsiderable part of those charges is for expedition, owing to the necessity of having the minutes of each day for use on the next day, and there can be no justification for charging as part of the costs on appeal the cost of a transcript of the summing up, as that could form no proper part of the case on appeal. The statutory fee which stenographers in this county are entitled to charge for furnishing a transcript of the minutes is 10 cents a folio; and since no expedition is required when minutes are needed for making a case on appeal, or preparing amendments thereto, no more than this should be taxed as a disbursement, even although the party procuring the minutes, for his own convenience, has seen fit to pay at a higher rate for expedition. The bill for $169.40 appears on its face to include something for expedition, and to also include a transcript of the summing up.

It is impossible to say, from anything in the papers before us, how much of this bill, if any part, may be properly taxed. The item for stenographer's fees must therefore be reduced to $142.20, the statutory fee for 1,422 folios at 10 cents a folio; and the order appealed from will be so modified, and, as modified, affirmed, without costs to either party. All concur.