KEYSTONE TYPE FOUNDRY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, May 15, 1925.

Costs — retaxation of plaintiff's costs — disbursements — stenographer's minutes furnished during trial — minutes were tendered by defendant to plaintiff and used by it in preparing appeal — disbursement cannot, therefore, be taxed on ground of necessity for use in preparing case — disbursement cannot be taxed on theory that judge needed minutes to decide motion for new trial — court cannot, under Civil Practice Act, direct that parties shall share cost of minutes equally — court cannot direct parties under Judiciary Law, § 300, to furnish minutes — disbursement was improperly taxed.

It was improper to tax, on behalf of plaintiff, the cost of stenographer's minutes furnished during the trial, on the theory that the plaintiff needed the minutes to prepare for an appeal, since it appears that the defendant tendered its minutes to the plaintiff who accepted and used them in preparing the case on appeal.

The cost of the minutes cannot be taxed as a disbursement on the theory that the judge needed them in the decision of a motion for a new trial.

The court does not have the power under the Civil Practice Act to direct that the disbursements for stenographer's minutes shall be shared equally by the parties, so that the successful party can thereafter tax his half of the payment against his adversary; section 251 of the former Code of Civil Procedure covering that point was omitted from the Civil Practice Act. The court could not, under section 300 of the Judiciary Law, direct that the parties furnish the minutes of the trial.

APPEAL by the defendant, The City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of January, 1925, denying defendant's motion to retax plaintiff's costs by disallowing an item of disbursement for stenographer's minutes.

*George P. Nicholson,* Corporation Counsel [*John R. Salmon* of counsel; *Charles C. Marrin* with him on the brief], for the appellant.

*Howard R. Bayne,* for the respondent.

McAVOY, J.:

The city of New York claims to be aggrieved by an order denying its motion for a retaxation of costs in which it asked the

court to strike out an item paid for stenographer's minutes at the second trial of the action.

There were two trials of the case in which plaintiff recovered each time. From the first judgment plaintiff itself appealed on the ground that the damages were insufficient. (206 App. Div. 605.) Upon a new trial plaintiff again was awarded judgment and defendant appealed from the judgment, which was affirmed by this court. (211 App. Div. 847.)

The costs taxed by the plaintiff included an item for stenographer's minutes which were delivered overnight during the course of the trial. The item charged was $457.50. The clerk reduced the amount to $152.50. No authority exists in the statute for awarding the disbursements paid out for the stenographer's minutes of a trial, excepting in such instances as they are necessary for a respondent's use in preparing amendments to the proposed case on appeal, if an appeal be had, and even in that instance where an offer is made by the appellant on the appeal in due season to permit respondent the use of appellant's copy of the minutes, liability for this item of costs is escaped. The appellant in this case tendered its copy of the minutes to respondent for such use at the time of service of its case on appeal, and it was used by respondent in part for the preparation of amendments. This case is thus distinguished from the authorities cited (*Ridabock* v. *Metropolitan El. Railway Co.*, 8 App. Div. 309; *Bremer* v. *Manhattan Railway Co.*, 51 Misc. 96; affd., 115 App. Div. 900; *Pratt* v. *Clark*, 124 App. Div. 248, 249) in none of which was any tender of the minutes made. The reason put forward here for procuring the minutes that they were for the use of the judge after the trial to enable him to decide a motion for a new trial will not avail.

If a trial court requires the minutes for such a purpose it may make an order for their delivery without charge. Heretofore, the court might direct that the disbursements for stenographer's minutes should be shared equally by the parties, and the successful party could thereafter tax his half of the payment against his adversary. (Code Civ. Proc. § 251.) But section 251 of the former Code of Civil Procedure was omitted from the Civil Practice Act.

Section 300 of the Judiciary Law provides for the stenographer's furnishing the minutes without charge by direction of the trial justice, but this section does not contain the former Code provision respecting the direction of the court to parties to furnish the minutes. There does not seem to be any existing statute or rule of court allowing the trial judge to direct either party, or both parties, to pay for stenographer's minutes of a trial.

There being no ground upon which this charge can properly be assessed against the city, the item, therefore, was improperly taxed and should have been disallowed.

The order should be reversed, with ten dollars costs and disbursements, and the motion as to taxation granted by removing the item of $152.50 for stenographer's minutes.

* CLARKE, P. J., DOWLING, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted by striking from plaintiff's bill of costs the item of $152.50 for a copy of the stenographer's minutes.