HESSIAN HILLS COUNTRY CLUB, INC., Plaintiff, and ABE FISCHER, Appellant, v. THE HOME INSURANCE COMPANY, Respondent.*

First Department, November 18, 1932.

*Alfred B. Nathan* of counsel [*A. J. Asche* with him on the brief; *Moos, Nathan, Imbrey & Levine*, attorneys], for the appellant.

*Almond D. Fisk* of counsel [*Avery, Taussig & Fisk*, attorneys], for the respondent.

TOWNLEY, J. This action was brought upon a policy of fire insurance to recover some $29,040.64. The damage resulted from a fire on the premises of plaintiff, Hessian Hills Country Club, Inc. Plaintiff Fischer is the mortgagee of a mortgage amounting to $55,000.

Under the policy the defendant insured the plaintiff corporation in the sum of $60,300 against loss or damage by fire to certain buildings and the contents thereof. By the rider attached to the policy all the loss if any was made payable to plaintiff Fischer, the mortgagee, " as interest may appear." The fire occurred on the 8th of November, 1930. Loss was suffered to the extent of $55,500 damage to buildings and $3,400 damage to the contents. The complaint makes the necessary averments and demands judgment.

In the defendant's answer three separate and complete defenses are pleaded. The first is that the plaintiff corporation swore falsely in its proof of loss concerning its lack of knowledge as to the cause of the fire; second, the plaintiff corporation by one of its authorized agents willfully set fire to the insured property; and third, the plaintiff corporation in violation of the policy conditions falsely represented that certain articles of personal property were upon the insured premises when in fact certain of such articles were not located on the premises. It will be seen that these defenses relate solely to the alleged acts of the plaintiff corporation and in no way implicate the individual plaintiff Fischer, the mortgagee.

The primary legal contention of the defendant is that the mortgagee under a policy to whom loss is payable " as interest may appear " is subject to any defense available against the mortgagor, unless the standard mortgagee clause is attached to the contract of insurance. The standard mortgagee clause was not attached to the policy in suit. As to this point of law, this court has already held to the contrary, in *Greenwich Bank* v. *Hartford Fire Ins. Co.* (222 App. Div. 219; affd., 250 N. Y. 116). In that case the question was squarely presented concerning the rights of the mortgagee under a loss payable clause as distinguished from his rights under a standard mortgagee clause. The issue in that case was whether the act or neglect of the assured mortgagor in failing to give prompt notice of loss would affect the mortgagee where the policy did not contain the standard mortgagee provision. Not only this court,

but the Court of Appeals in affirming the decision of this court, took the position that the standard mortgagee clause should be read into all the policies. If this be so, the rights of plaintiff Fischer are not to be contested because of any defaults of the mortgagor.

Aside from this question of law, however, the affidavit in opposition to the motion for summary judgment contains no facts whatsoever implicating either the mortgagee or the mortgagor in any of the wrongs set out in the answer and pleaded as defenses.

The motion for summary judgment should have been granted on the law and the facts.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs, to the extent of ordering an assessment of the amount due the plaintiff Fischer under his policy and directing a severance of the action of the Hessian Hills Country Club, Inc., against the defendant.

FINCH, P. J., MARTIN and O'MALLEY, JJ., concur; McAVOY, J., takes no part.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of ordering an assessment of the amount due the plaintiff Fischer under his policy and directing a severance of the action of the Hessian Hills Country Club, Inc., against defendant. Settle order on notice.