HESSIAN HILLS COUNTRY CLUB, INC., Plaintiff, Impleaded with ABE FISCHER, Appellant, *v.* THE HOME INSURANCE COMPANY, Respondent.

First Department, November 3, 1933.

*A. J. Asche* of counsel [*Alfred B. Nathan* with him on the brief; *Moos, Nathan, Imbrey & Levine,* attorneys], for the appellant.

*Charles A. Taussig* of counsel [*Anthony J. Busicco* with him on the brief; *Avery, Taussig & Fisk,* attorneys], for the respondent.

UNTERMYER, J. The plaintiff Abe Fischer appeals from an order which denied his motion to review the taxation of costs. His motion for summary judgment had been denied at Special Term. On appeal to this court the order was reversed and the motion was granted (*Hessian Hills Country Club, Inc.,* v. *Home Ins. Co.,* 236 App. Div. 615), but because the damages were unliquidated an assessment of damages was ordered. After the assessment had been concluded and final judgment in favor of said plaintiff entered thereon, the defendant appealed from that judgment directly to the Court of Appeals, and on such appeal gave notice that it would

bring up for review the order of this court granting summary judgment and directing the assessment. On that appeal the defendant, against the opposition of the plaintiff, incurred expense for stenographic minutes and caused to be printed all the proceedings had upon the assessment of damages, the cost of which has been included as taxable disbursements. The Court of Appeals thereafter reversed the judgment appealed from, with costs to the appellant (262 N. Y. 189).

The appellant's motion to review the taxation of costs should, in our opinion, have been granted. The defendant's direct appeal to the Court of Appeals from the judgment entered on the assessment of damages was taken under section 590 of the Civil Practice Act, bringing up for review "only the determination of the appellate division of the supreme court." It did not bring up for review the proceedings on the assessment of damages which had never been reviewed by this court. The Court of Appeals so declared in its opinion (262 N. Y. 189, p. 193). It said: " The defendants have appealed directly to this court from that final judgment. That appeal brings up for review only the determination of the Appellate Division upon the motion for summary judgment." The proceedings taken on the assessment of damages were, therefore, wholly immaterial to the disposition of the·appeal and the expense so incurred against the objection of the appellant should not have been allowed as a taxable disbursement. (Civ. Prac. Act, § 576; *Derby* v. *General Electric Co.*, 208 App. Div. 529; *Sullivan* v. *McCann*, 124 id. 126.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion to review taxation of costs and to eliminate the items for stenographer's fees and for printing the case on appeal granted, with ten dollars costs.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; GLENNON, J., dissents and votes to affirm.

Order reversed, with twenty dollars costs and disbursements, and motion to reduce the item for stenographer's fees to $117.30 and to strike out the item for printing cases granted, with ten dollars costs.