In the Matter of the Estate of REUBEN M. ISAACS, Deceased.

Surrogate's Court, Queens County, June 26, 1935.

*Abraham L. Bienstock,* for the contestants.

*Marks & Marks,* for the executors.

*Bachrach, Bachrach & Bisgyer,* for the Brooklyn Federation of Jewish Charities.

*Charles Howard Levitt,* for the Harlem Home of the Daughters of Israel, Inc.

*Charles Franklin,* for Dana Zehren and another.

*Abraham I. Smolens,* for the Hebrew National Orphans Home.

*Abraham M. Lowenthal,* for the Y. M. H. A. of Borough Park, Inc.

*Auchincloss & Duncan,* for the Association of the Aid of Crippled Children.

*N. Holmes Clare,* for The Catholic Institute for the Blind.

*Joseph V. Mitchell,* for the Catholic Guardian Society.

*Fletcher & Brown,* for the Federation of Protestants Welfare Agencies, Inc.

*Emil Goldmark,* for the Federation for the Support of Jewish Philanthropic Societies of New York City.

*Lord, Day & Lord,* for the Society for the Relief of Half-Orphans and Destitute Children.

*Gillespie & O'Connor,* for the Catholic Charities of the Archdiocese of New York.

*Furst, Schwartz & Schwager,* for the United Jewish Aid Societies of Brooklyn.

*Saul K. Ellenbogen,* for Camp Sussex, Inc.

HETHERINGTON, S. The contestants appealed from a decree of the surrogate denying their petition for leave to withdraw their waivers and consents executed and filed by them in the probate proceeding. On appeal the decree was unanimously affirmed, with costs payable by the appellants personally (245 App. Div. 728). Proponents and two other respondents resisted the appeal and must be regarded as the successful parties. In view of the language of the order of affirmance only one bill of costs is allowable. (*DeLamater* v. *Carman,* 2 Daly, 182; *Matter of City of New York,* 129 App. Div. 929; *Matter of Kinn,* 139 id. 766; *Veeder* v. *Mudgett,* 95 N. Y. 295; *Van Gelder* v. *Van Gelder,* 84 id. 658.) The determination made by the surrogate was a decree as distinguished from an order. (Surr. Ct. Act, § 78.) The costs of an appeal, when they are

awarded in a Surrogate's Court, are the same as if they were awarded in the Supreme Court. (Surr. Ct. Act, § 283.) The amount in this instance is governed by section 1508 of the Civil Practice Act. The items of costs sought to be taxed by the proponents-respondents are proper. Exception, however, is taken to an item of disbursements of sixty-seven dollars and eighty-seven cents for stenographer's fees. While there seems to be considerable confusion as to whether stenographer's fees can be taxed, I find that in those cases where the item was allowed, there was proof before the taxing officer that the minutes were actually and necessarily obtained and used for the purpose of preparing amendments to the proposed case on appeal. (*Ridabock* v. *Metropolitan Elevated R. Co.*, 8 App. Div. 309; *Gallagher* v. *Baird*, 60 id. 29; *Pratt* v. *Clark*, 124 id. 248; *Long Island Contracting & Supply Co.* v. *City of New York*, 142 id. 1; *Bremer* v. *Manhattan R. Co.*, 51 Misc. 96; affd., 115 App. Div. 900.) Here no such proof has been furnished, and consequently the item cannot be allowed. Furthermore, it would appear from the amendments proposed by the respondents that the minutes were not obtained for the purpose of preparing same as they make no reference to the proper page of the minutes as required by rule 230 of the Rules of Civil Practice. The costs of the respondents, executors are, therefore, allowed and taxed at $119.15. Disbursements of the respondent Brooklyn Federation of Jewish Charities are allowed and taxed at $44.40. While the submission of a separate bill of costs on behalf of the latter is somewhat irregular in view of the direction of the appellate court, this I believe can be corrected with no appreciable harm to any party, by submitting a corrected order on notice providing that the total costs and disbursements of the respondents amounting to $164.65 be paid to the respondents jointly. (*Matter of Kinn, supra.*) In conclusion, the court would direct the attention of counsel concerned to the fact that their arguments would be more impressive and dignified if incorporated in a memorandum, rather than resorting to the writing of letters which is becoming much too common. Proceed accordingly.