,CHELROB, INC., et al., Respondents and Appellants, and MARY FRIES, Plaintiff-Respondent, v. EDWARD F. BARRETT et al., Appellants and Respondents, and QUEENS BOROUGH GAS & ELECTRIC COMPANY, Defendant-Respondent.*

HARRY TABERSHAW et al., Appellants.

Second Department, February 8, 1943.

* Revg. 177 Misc. 521.

*Walter R. Hart, Harry Tabershaw, Robert C. Richter* and *Joseph A. Ruskay* for respondents-appellants Chelrob, Inc., and B. Arnold Chambers.

*Charles G. Blakeslee, John J. Donohue* and *John C. Bruckmann* for appellants-respondents Long Island Lighting Company, Edward F. Barrett, James W. Carpenter, Lewis A. Howland, Franklin S. Koons and Elmer B. Sanford.

*Stephen Callaghan, Ralph Stout* and *Thomas A. Gaffney* for appellants-respondents Ellis L. Phillips, Hugh M. Pierce, John A. McKenna, Edward L. Davies and Henry R. Frost.

*Philip Huntington* for appellant-respondent F. H. Maidment.

*Jackson A. Dykman* and *Edward J. Crummey* for appellant-respondent Nassau & Suffolk Lighting Company.

*Edwin V. Hellawell* for respondent Mary Fries.

*Per Curiam.* The trial court found that the directors were not guilty of fraud, bad faith or overreaching in negotiating the contracts here attacked. It properly refused to find that they were guilty of negligence in connection therewith. Assuming, without deciding, that the corporate defendants properly may have thrust upon them a fiduciary role, the record discloses that they established that the contracts which they made were fair and just. This conclusion is unavoidable where the evidence

sustains the finding that the individuals through whom the corporate defendants acted discharged their functions in good faith and without fault, fraud, overreaching, negligence, personal profit or bad faith. The rates or prices fixed concluded the corporations and the stockholders in the absence of the vitiating factors mentioned, even though other stockholders subsequently disagreed (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 124; *Winter* v. *Anderson*, 242 App. Div. 430, 431; *Liebman* v. *Auto Strop Co.*, 241 N. Y. 427, 434; *Holmes* v. *Saint Joseph Lead Co.*, 84 Misc. 278, 282, affirmed on opinion of CARDOZO, J., 163 App. Div. 885); and even though in the exercise of business judgment they erred in good faith. The determination of what rate should be fixed was in the realm of business judgment. What factors should go into the computation in arriving at a rate, and the weight to be accorded to the several factors, involved the exercise of business judgment, and when the individual defendants acted in good faith their judgment was final, especially where men acting in good faith may reasonably differ as to the factors and the weights to be accorded to them, and the methods of computation to be indulged in arriving at the rates. The basic data upon which they acted, when subjected to the increment cost method of computation, established that the selling company suffered no loss and, on the contrary, made a fair profit on the sales attacked. Whether that method of computation or some other method should be employed also rests in the realm of business judgment and discretion; and when directors act in good faith it is not within the judicial province to say whether one accountancy method rather than another should be employed. In respect of intercompany transactions for the sale of gas on a wholesale basis, it would seem that the justifiable rule, in determining the fairness of a rate fixed upon in good faith, is the increment cost method. Mere ownership of stock of one of the companies by another company did not of itself establish domination in a wrongful sense, where it appears that the directors acted in good faith in the furtherance of the interests of the several companies involved. Here the company owning the stock of the other company did not usurp the functions of the directors and thereby dominate their action to the detriment of the companies in whose interests the directors were called upon to act. Therefore, in view of the exculpation of the directors, a fiduciary role, under the circumstances herein, may not be imposed upon the corporate defendants (*Blaustein* v. *Pan American Petroleum & Transport Co.*, 263 App. Div. 97, 119), especially when this form of ownership of one company by another was approved by the Public Service Commission, and the inter-

locking directorates resulting have statutory sanction. (Stock Corporation Law, § 18.) Moreover, Long Island Lighting Company, by reason of its stock ownership of Queens Borough Gas & Electric Company, had a selfish interest in having the rate for the sale of gas to the Nassau & Suffolk Lighting Company fixed on a basis profitable to Queens Borough, rather than the contrary. The effect of this element is accentuated by the finding that such gas as the Long Island Lighting Company purchased from the Nassau & Suffolk Lighting Company was paid for at a fair rate and on a basis of no advantage to it; and by the further fact that the rates for each of the several years here involved were openly arrived at and filed with the Public Service Commission.

The judgment, in so far as appealed from, should be reversed on the law and the facts, with one bill of costs to appellants-respondents, and the complaint dismissed on the merits, with one bill of costs to appellants-respondents, payable by respondents-appellants.

Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings should be made.

CLOSE, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

Judgment, in so far as appealed from, reversed on the law and the facts, with one bill of costs to appellants-respondents, and the complaint dismissed on the merits, with one bill of costs to appellants-respondents, said costs to be paid by respondents-appellants.

Inconsistent findings of fact and conclusions of law are reversed and new findings will be made.

Settle order on notice within ten days from the date of this decision. [See 266 App. Div. 669, amending decision.]