CHELROB, INC., et al., Plaintiffs, *v.* EDWARD F. BARRETT et al., Defendants.

Supreme Court, Special Term, Nassau County, April 3, 1943.

*Harry Tabershaw* for plaintiffs.

*E. J. Crummey* for defendants.

HALLINAN, J. The sole question to be determined upon this application to retax costs is whether the taxing clerk properly allowed, over plaintiffs' objections, the item of stenographer's minutes in the sum of $927.75.

This was a consolidated stockholders' derivative action and resulted in judgment in favor of the plaintiffs and against the defendants which the Appellate Division recently unanimously reversed and directed the dismissal of the plaintiffs' complaint with costs. (265 App. Div. 455; 266 App. Div. 669.) The minutes were furnished during the course of the trial which lasted some seven or eight weeks. The defendants' attorney states that it was their intention at all times to use said minutes for the purpose of preparing a record on appeal herein in the event of an adverse decision in Special Term; that notwithstanding that the minutes were incidentally used for the purpose of the trial, the fact remains that without them the record on appeal could not have been prepared.

There is no question that the minutes would have been taxable had the defendants ordered them for the purpose of appealing from the adverse judgment. Since they were ordered in the course of the trial, the plaintiffs contend that they are not taxable. It has been held, however, that where an attorney states under oath that the minutes were ordered for the purpose of preparing a case on appeal or amendments to a case, they may be taxable as a disbursement notwithstanding that they were procured during the trial. (*Pratt* v. *Clark*, 124 App. Div. 248.) I think that substantially such is the case here. The defendants were certain to appeal from an adverse decision as, indeed, they did and it was undoubtedly of inestimable aid to the attorneys for all parties and to the court to have the minutes available as the long trial progressed. The defendants took the risk in ordering the minutes themselves, for had the decision been in their favor they could in no event have taxed the cost thereof for then these minutes would not have been procured for the purpose of taking an appeal.

Upon this record it is clear that there was sufficient proof before the taxing officer that the minutes were actually and necessarily obtained and used for the purpose of preparing a case on appeal and accordingly he was correct in taxing the cost thereof as a disbursement. The motion is denied.

Submit order.