CHELROB, INC., et al., Suing on Their Own Behalf and on Behalf of All Other Stockholders of Queens Borough Gas & Electric Company, Similarly Situated, Plaintiffs, v. EDWARD F. BARRETT et al., Defendants.

Supreme Court, Special Term, Queens County, June 1, 1945.

*Walter R. Hart, Harry Tabershaw* and *Robert C. Richter* for Chelrob, Inc., plaintiff.

*Milton Paulson* and *Joseph A. Ruskay* for B. Arnold Chambers, plaintiff.

*Edwin V. Hellawell* for Mary Fries, plaintiff.

*Charles G. Blakeslee* for defendants.

C. A. JOHNSON, J. This is an application by attorneys and accountants for additional compensation for services in a stockholder's derivative action.

The several plaintiffs, suing as stockholders of Queens Borough Gas & Electric Company, originally sought to recover on several counts against the officers and directors of that corporation and against Nassau & Suffolk Lighting Company, Long Island Lighting Company, and the officers and directors of those corporations upon various allegations of wrongful conduct. After a long and arduous trial before Mr. Justice McGAREY (*sub nom. Espach* v. *Nassau & Suffolk Lighting Co.,* 177 Misc. 521), then of this court, judgment was entered on November 27, 1941, in favor of Queens Borough Gas & Electric Company and against Nassau & Suffolk Lighting Company and Long Island Lighting Company, for the total sum of $470,854.40, representing the difference, with interest, between the price charged and the fair price to be charged for gas sold by Queens Borough Gas & Electric Company to Nassau & Suffolk Lighting Company, as such fair price was determined by the court. In all other respects, the complaints

against Nassau & Suffolk Lighting Company, Long Island Lighting Company and the individual officers and directors, were dismissed on the merits. The judgment also provided that Queens Borough Gas & Electric Company pay to plaintiffs' counsel, attorneys, accountants and expert a total sum of $125,237.55, from the fund so established.

From this judgment appeals were taken to the Appellate Division, Second Department, by the unsuccessful defendants, excepting Queens Borough Gas & Electric Company, on the ground that the judgment was erroneous (265 App. Div. 455, amended on court's own motion 266 App. Div. 669); and cross appeals were taken by the plaintiffs, except the plaintiff, Mary Fries, on the ground that the dismissal of the complaint as against the officers and directors was erroneous, and on the further ground that the principal amount of the judgment was insufficient. The Appellate Division reversed the judgment of Special Term in its entirety insofar as recovery was allowed and dismissed the complaint on the merits. Thereupon, all the plaintiffs appealed to the Court of Appeals, which reversed the order of the Appellate Division and remanded the appeal to the Appellate Division for the determination of further questions of fact (293 N. Y. 442), with the result that all the parties to the litigation eventually entered into a stipulation which carried the judgment rendered at trial term into full effect. The money judgment was thereafter paid, with interest, costs and disbursements, as were the allowances made by Mr. Justice McGAREY with a proportionate amount of the interest which had accrued upon the judgment during the pendency of the appeals.

The several attorneys and counsel and the accountants who rendered services to the plaintiffs now apply for additional allowances for their services upon the aforesaid appeals.

By reason of the stipulation executed by all parties prior to the entry of the final judgment on remittitur, I am satisfied that the court has the same power to pass upon this application that it would have possessed had the application been made prior to the entry of such judgment.

Where attorneys for stockholders have received an allowance from the trial court at the successful conclusion of the trial of a derivative action, their right to make application for further allowances after the determination of appeals from the judgment does not appear to have been specifically passed upon by the courts of this State; no New York authorities precisely in point have been called to the court's attention upon this

application. I have, however, arrived at the conclusion that the right exists to award such additional compensation to attorneys where the facts warrant it. In this case, the original appeal was taken by the corporate defendants against whom the judgment was rendered. Undoubtedly, the attempt of some of the plaintiffs by cross appeals to modify the judgment of the trial court by increasing the amount of the recovery, and by subjecting individual directors and officers to personal liability, had the result of increasing their labors upon the appeal, without the accomplishment of any good to the corporation for whose benefit the action was maintained. The fact remains that after the entry of the judgment in the trial court, counsel were compelled to do much work to preserve the beneficial result theretofore accomplished for the corporation, of which their clients were stockholders, first, in the Appellate Division in resisting the attempt of the appellants to upset the judgment, and thereafter, in the Court of Appeals to reinstate the judgment which the Appellate Division had reversed. Over three years intervened between the entry of judgment and its final execution. The trial court, in making its allowances to those who had rendered services in the litigation, could not possibly have contemplated this sequence of events. This is clearly indicated by the language used by Mr. Justice McGAREY: "The Court is fully aware of the time and efforts that counsel devoted to the trial of the actions, as well as the necessary preliminary research, investigation, examinations, motions and pleadings, and regrets that it can not adequately reimburse them for their labors. These actions, however, are brought in behalf of the company, by stockholders, and the company should not be deprived of the benefit of its recovery by excessive allowances." (Record on appeal to the Court of Appeals [293 N. Y. 442, *supra*], p. 3208.) Justice compels the conclusion that counsel are entitled to additional compensation for their services. This result is supported by the determination of the Federal Circuit Court of Appeals, First Circuit, in *Sprague* v. *Ticonic Nat. Bank* (110 F. 2d 174, 177) and there is authority to the same general effect in the courts of this State (*Reese* v. *Pinelawn Cemetery*, 243 App. Div. 165).

As to the accountants, I have arrived at a different conclusion. It was undoubtedly proper for the Trial Justice to make an allowance to them for the services which they rendered before and during the trial of the litigation, but the preparation of the briefs and the argument of appeals is work for lawyers rather than accountants. I do not feel that the court has the

power to make an additional allowance to them, and their application therefor is denied.

How much more should the attorneys receive? The work involved in the appeals was considerable; and this is true even after the effort in furtherance of plaintiffs' own attempts to modify the judgment is eliminated from consideration. However, the greater part of counsel's compensation was properly awarded by the trial court, in consideration of formulating and presenting the case which created the fund. They are now entitled to an additional fee solely for their work on the appeal. The fact that a number of attorneys are interested in the result has little bearing upon the amount of work actually and necessarily involved in the appeal.

After a long consideration of the circumstances involved in this litigation, I find the sum of $20,000 to be a fair and reasonable compensation for the work necessarily involved in these appeals in protecting the plaintiffs' judgment. This sum will be allowed, to be divided among counsel in a proportion to be agreed upon between them pursuant to written stipulation to be submitted with the order to be entered hereon, which is to be settled on notice.