JACK BASS, Plaintiff, *v.* SARATOGA HARNESS RACING ASSOCIATION, INC., et al., Defendants.

ARTHUR BIRNBAUM, Plaintiff, *v.* SARATOGA HARNESS RACING ASSOCIATION, INC., et al., Defendants.

Supreme Court, Special Term, Albany County, September 8, 1955.

*Isador Taub* and *Leonard A. Weiss* for Jack Bass, plaintiff.

*Nathan H. Richman* and *Leonard A. Weiss* for Arthur Birnbaum, plaintiff.

*John V. Bucher, Jr.,* for Saratoga Harness Racing Association, Inc., defendant.

HAMM, J.  The trial of the actions mentioned above resulted in judgment in favor of the defendants.  The plaintiffs served a notice of appeal on January 7, 1955, and the defendant Saratoga Harness Racing Association, Inc., ordered the minutes on that day.  On April 6, 1955, the plaintiffs served a notice that they would proceed under rule 22 of the Rules of the Appellate Division, Third Department.

The appeal resulted in unanimous affirmance.  The total cost of the minutes was $158.50.  The defendant respondent divided the disbursement for the minutes between each of the two cases, which division produced a charge of $79.25 for stenographer's minutes in each case.  This is a motion for an order for a new taxation of costs striking from each bill of costs the item of $79.25.

Had the appeal been by means of a printed record, taxation of costs for the stenographer's minutes ordinarily would have been justified.  " Ordinarily, disbursements for stenographic minutes of a trial are allowable as a taxable cost to a successful party on appeal, even though the transcript may have been procured during the course of the trial and used originally in connection therewith.  Pratt v. Clark, 124 App. Div. 248, 108 N. Y. S. 734; Chelrob, Inc. v. Barrett, 180 Misc. 314, 41 N. Y. S. 2d 97."  (*Miss Susan, Inc.,* v. *Enterprise & Century Undergarment Co.,* 66 N. Y. S. 2d 266, 268, revd. on other grounds 273 App. Div. 768.)

However, where the appellant tenders a copy of the stenographer's minutes to the respondent on serving the printed case on appeal, the respondent is not entitled to include disbursements for stenographer's minutes in the bill of costs.  " No authority exists in the statute for awarding the disbursements paid out for the stenographer's minutes of a trial, excepting in such instances as they are necessary for a respondent's use in preparing amendments to the proposed case on appeal, if an appeal be had, and even in that instance where an offer is made by the appellant on the appeal in due season to permit respondent the use of appellant's copy of the minutes, liability for this item of costs is escaped.  The appellant in this case tendered its copy of the minutes to respondent for such use at the time of service of its case on appeal, and it was used by respondent in part for the preparation of amendments.  This case is thus distinguished from the authorities cited (*Ridabock* v. *Metropolitan El. Railway Co.,* 8 App. Div. 309; *Bremer* v. *Manhattan Railway Co.,* 51 Misc. 96, affd. 115 App. Div. 900; *Pratt* v. *Clark,* 124 App. Div. 248, 249) in none of which was any tender of the

minutes made.'' (*Keystone Type Foundry* v. *City of New York*, 213 App. Div. 86, 87.)

Rule 22 of the Rules of the Appellate Division, Third Department provides: '' The rules governing the settlement of a case shall apply to the preparation of the alternative form of record, except that a party served with a proposed case shall return the same with his amendments, if any, to the party proposing settlement and the case shall be settled on the original proposal and amendments.''

An examination of the appellants' alternative form of record on appeal on file in the office of the clerk of the Appellate Division discloses that it contains the entire stenographer's minutes of the trial and subsequent motions. The serving of a proposed case containing the entire minutes was as effective under the rules governing alternative form of record on appeal as a tender of the minutes would have been at the time of service of a printed case under the older method of appeal.

Rule 22 provides: '' A party required to file and serve a record on appeal may adopt the form of record permitted by this rule by filing with the clerk and serving on the attorney for the adverse party a notice that he elects to prosecute the appeal on an alternative form of record.'' It is not of moment that the respondent ordered the minutes before service of a proposed case; it was not entitled to assume that the appellants would fail to exercise their option and that the alternative form of record on appeal would not contain the complete testimony.

The motion is granted and an order may be submitted on three days' notice.