Matthew M. Levy, J.
Stenographer’s minutes of the trial are a “ reasonable and necessary” expense which may be included in the bill of costs, as provided in section 1518 of the *816 Civil Practice Act, if they are intended to be used to prepare proposed amendments to a case on appeal and when the appellant fails to deliver a copy thereof to his adversary (Pratt v. Clark, 124 App. Div. 248; Starkweather v. Sundstrom, 113 App. Div. 401). An incidental benefit for another purpose will not take it out of that classification (Bremer v. Manhattan Ry. Co., 51 Misc. 96, affd. 115 App. Div. 900; Pratt v. Clark, supra). But the purchase of stenographer’s minutes other than for the purpose of preparing amendments to the case on appeal is not a “ reasonable and necessary ” expense (Long Is. Contr. & Supply Co. v. City of New York, 142 App. Div. 1; Matter of Isaacs, 157 Misc. 127; cf. Hessian Hills Country Club v. Home Ins. Co., 239 App. Div. 205). Where minutes are obtained for a dual purpose, only that part of the expense will be allowed which is necessary for the case on appeal (Pratt v. Clark, supra). The respondents admit that their purpose in ordering the minutes was not solely to offer amendments on the appeal of their adversary, but also for their own use in preparing their own cases for appeal, on which it has been determined that they are not entitled to costs. Therefore, since the minutes were not actually and necessarily obtained for the purpose of making amendments, the cost of procuring the minutes is not a taxable disbursement (Matter of Isaacs, supra; Miss Susan, Inc., v. Enterprise & Century Undergarment Co., 66 N. Y. S. 2d 266). Accordingly, the motion is granted.
In the peculiar circumstances of the record in this case it seems to me that there was some relevant part of the few pages of the transcript devoted to the discussion between counsel and the Trial Judge on the availability of the depositions sought (cf. Starkweather v. Sundstrom, supra); and if counsel desire to charge as a taxable disbursement the statutory expense thereof, they may do so (if not supplied by the adversary) by way of stipulation or by the service and submission of due proof upon the settlement of the order hereon.