■ Thomas E. O'Brien et al., Respondents, v Town of Huntington et al., Appellants. [15 NYS3d 821]—

In an action, inter alia, to compel the determination of claims to nine parcels of real property pursuant to RPAPL article 15, the defendants appeal from so much of a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered December 5, 2012, as, upon an order of the same court dated December 27, 2011, denying their motion, inter alia, to settle their proposed judgment and pursuant to CPLR 8301 for a disbursement for the cost of obtaining a stenographic copy of the trial testimony and signing the plaintiffs' proposed counter-judgment, declared them to be the owners of the nine parcels as described by the plaintiffs in the proposed counter-judgment and failed to award them the costs of procuring the trial transcript.

Ordered that the judgment is modified, on the law, by adding a provision thereto awarding the defendants the costs of procuring the trial transcript in the sum of $9,862.65 as a taxable disbursement; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendants' motion which was for a disbursement for the cost of obtaining a stenographic copy of the trial testimony is granted to the extent of awarding the defendants the sum of $9,862.65 and is otherwise denied, and the order is modified accordingly.

The underlying facts are described in this Court's opinion and order on a prior appeal (see O'Brien v Town of Huntington, 66 AD3d 160 [2009]). After this Court issued that opinion and order, the defendants submitted a proposed judgement, wherein they included new descriptions of the nine parcels of property at issue in this action. Contrary to the defendants' contentions, the Supreme Court properly rejected their proffered descriptions on the ground that they were based on evidence not presented at trial.

This Court's opinion and order also included a provision awarding the defendants one bill of costs (see O'Brien v Town of Huntington, 66 AD3d at 169). The rules of this Court provide that "[i]n the absence of a contrary direction, the award by this court of costs upon any cause shall be deemed to include disbursements" (22 NYCRR 670.21 [b]). The defendants' proposed judgment included a provision taxing the cost of obtaining a stenographic copy of the trial testimony as a disbursement pursuant to CPLR 8301 (a) (13). Under the circumstances of this case, the Supreme Court should not have rejected the defendants' request to tax the cost of obtaining the trial transcript as a disbursement since the defendants submitted an attorney affirmation, wherein counsel stated that while

the transcripts were used during the trial, they were procured with the intent of preparing a record on appeal, and detailed his reasons for believing that an appeal would be necessary (*see Shapiro v Aetna Cas. & Sur. Co.*, 73 AD2d 616 [1979]; *Pratt v Clark*, 124 App Div 248 [1908]; *Chelrob, Inc. v Barrett*, 180 Misc 314, 315 [Sup Ct, Nassau County 1943]; *cf. Long Is. Contr. & Supply Co. v City of New York*, 142 App Div 1, 2 [1910]). Therefore, the defendants are permitted to tax $9,862.65 of the costs they expended in procuring the transcripts (*see* 22 NYCRR 108.2 [b] [1] [ii]).

We have not considered the defendants' contention that the Supreme Court improvidently exercised its discretion in denying their request for an additional award pursuant to CPLR 8303 (a) (2), as it is beyond the scope of their limited notice of appeal from the judgment entered December 5, 2012 (*see Hatem v Hatem*, 83 AD3d 663, 664 [2011]; *Paterno v Carroll*, 75 AD3d 625, 629 [2010]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997]). Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.