Thandi v Otsego Mut. Fire Ins. Co. (2025 NY Slip Op 01967)

Thandi v Otsego Mut. Fire Ins. Co.

2025 NY Slip Op 01967

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02529
 (Index No. 706014/15)

[*1]Balhar Thandi, respondent, 
v
Otsego Mutual Fire Insurance Company, appellant.

Tell, Cheser & Breitbart, Garden City, NY (Kenneth R. Feit of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for breach of a homeowners' insurance policy, the defendant appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered July 13, 2022. The order denied the defendant's motion pursuant to CPLR 8301 for disbursements for the expense of trial transcripts and to direct the Queens County Clerk to amend so much of a judgment of the same court entered February 25, 2022, as awarded the defendant costs and disbursements in the total sum of $20,143.80 from that sum to the sum of $25,416.90.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 8301 for disbursements for the expense of trial transcripts and to direct the Queens County Clerk to amend so much of the judgment entered February 25, 2022, as awarded the defendant costs and disbursements in the total sum of $20,143.80 from that sum to the sum of $25,416.90 is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The underlying facts are summarized in our decision and order on a prior appeal (see Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849). After this Court issued that decision and order, the defendant submitted a proposed judgment with a bill of costs, wherein the defendant requested disbursements for the expense of procuring trial transcripts in the total sum of $5,273.10. However, the Queens County Clerk (hereinafter the Clerk) struck the portions of the defendant's bill of costs providing for disbursements for that expense. In a judgment entered February 25, 2022, the Supreme Court, inter alia, awarded the defendant costs and disbursements in the total sum of $20,143.80.
Thereafter, the defendant moved pursuant to CPLR 8301 for disbursements for the expense of the trial transcripts and to direct the Clerk to amend so much of the judgment as awarded the defendant costs and disbursements in the total sum of $20,143.80 from that sum to the sum of $25,416.90. In an order entered July 13, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
Pursuant to CPLR 8301(a)(13), a party to whom costs are awarded on appeal is entitled to tax his or her necessary disbursements for "reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court." Under the circumstances of this case, the defendant was entitled to disbursements for the expense of procuring trial transcripts for the purpose of preparing a record on appeal pursuant to [*2]CPLR 8301(a)(13) (see O'Brien v Town of Huntington, 131 AD3d 685, 686-687; Pratt v Clark, 124 App Div 248, 249-250; cf. Maisto v Maisto, 85 AD2d 717).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 8301 for disbursements for the expense of the trial transcripts and to direct the Clerk to amend so much of the judgment as awarded the defendant costs and disbursements in the total sum of $20,143.80 from that sum to the sum of $25,416.90. We remit the matter to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court